**The People of the State of Illinois, Plaintiff-Appellee, v. Walter Lee Brown (Impleaded), Defendant-Appellant.**

**Gen. No. 49,900.**

First District, Fourth Division.

July 20, 1966.

Marshall Patner, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

## CHARGE
Burglary.

## JUDGMENT
After a bench trial, the court found defendant guilty and imposed a sentence of two to eight years.

## POINTS RAISED ON APPEAL
(1) The State should have produced one Stovall as a witness.

(2) The charge was not proved beyond a reasonable doubt.

## TESTIMONY OF STATE WITNESSES
*Rosie Lyes*

She operated a beauty shop at 3438 South Parkway. Upon leaving the premises at about 10:00 p. m. on April 28, 1964, she locked the doors. When she returned the next morning at about 5:20 a. m. police officers were there and she learned that the place had been "broken into." An electric hair clipper, a small jar containing coins, and a number of other more valuable items were missing. Later she saw the hair clipper and the jar of coins at the police station.

*Albert Henry, a police officer*

He arrived at the premises at about 4:30 a. m. At the front of the shop he heard noises inside, so he went to the rear to investigate. The back door was hanging with one hinge off and the lock on the inner door was broken. He was joined by Sergeant Kinnerk, as defendant and one Gibson walked out through the back door of the shop. Upon being asked why he was there, defendant said he had heard noises and had gone in to investigate. Henry searched defendant and found the hair clipper and jar of coins in his pockets. A search

215

of Gibson revealed nothing, but upon coming out the door he had been seen to drop pliers and a screwdriver.

*Patrick Kinnerk, a police sergeant*

He arrived at the front of the shop as Officer Henry was at the rear. He heard voices inside and, upon signal by Henry, he went to the rear also and saw Henry backing defendant and Gibson into the shop. Kinnerk's testimony corroborated Henry's as to the search of defendant and recovery of the clipper and jar of coins.

*Ronald Kirk, a detective*

He talked to defendant at the police station at about 5:00 a. m. Defendant admitted that he had entered the shop after hearing noises from across the alley. He also said, however, that he went in with Gibson "to see what they could steal."

## TESTIMONY OF DEFENSE WITNESSES

*Defendant*

His testimony was exculpatory (he had found the clipper in the alley and went in to see what was going on, when Gibson handed him the jar of coins).

*George Gibson, codefendant*

He had pleaded guilty. His testimony corroborated that of defendant, and he added that he and one Stovall had broken into the shop; that Stovall had run out and dropped the clipper in the alley. Stovall had run, upon defendant's approach, because he thought defendant was the owner of the shop. Gibson handed the coin jar to defendant, also in the mistaken notion that he was the owner. Gibson testified that Stovall was apprehended and charged with the burglary.

## OPINION

██ (1) Except for Gibson's testimony, the record does not indicate anything about the existence of a third man at the scene of the crime. The State did not offer a witness by the name of Stovall and claims no knowledge

of such a person. The defense made no request that Stovall be called, but in this court makes a point of the fact that he should have been produced by the State, citing People v. Wilson, 24 Ill2d 425, 182 NE2d 203. That case involved reversal of a conviction because a key witness had been deliberately sent beyond the jurisdiction of the court by federal narcotics agents. Before trial, defense counsel had sought a court order to produce the witness, and there were still other grounds on which that case is distinguishable from the one now before us. We see no basis for reversal in defendant's claim that the State had the duty to offer the testimony of a witness whose existence it denies.

■ (2) Defendant also contends that he was not proved guilty beyond a reasonable doubt, as the trial judge based his decision on the weakness of defendant's case rather than the strength of the State's case. It is true that the trial judge stated that he did not believe the testimony of defendant and Gibson. This, however, does not bring the case within People v. Coulson, 13 Ill 2d 290, 298, 149 NE2d 96 (relied on by defendant), for there the court determined that the State's evidence was "improbable, unconvincing and completely unsatisfactory . . . ." Such a situation does not exist in the instant case. Here we find that the State proved its case according to law if its witnesses were to be believed. An experienced, highly qualified trial judge did find their testimony credible. Under all these circumstances, we would not be justified in disturbing his findings even if we thought otherwise, and we do not.

■ At the hearing in mitigation and aggravation, it was disclosed that defendant had twice previously been sentenced on four burglary charges (the last time, in 1949, for two to twenty years). The present sentence of two to eight years cannot, therefore, be considered excessive.

## DECISION

The judgment and sentence of the Circuit Court are affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.